# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**NYKA O'CONNOR,**

    **Plaintiff,**

vs.                                     **Case No. 3:08cv357-LAC/WCS**

**F.D.O.C., et al.,**

    **Defendants.**

                              /

## REPORT AND RECOMMENDATION

Plaintiff, who is a *pro se* prisoner, has now filed a third amended complaint, doc. 18. Plaintiff paid the filing fee for this case in one lump sum. Doc. 14.

Prior to reviewing the merits of this case, Plaintiff is advised that he may not seek to hide prior dismissals under 28 U.S.C. § 1915(e)(2)(B) by stating that he "can't recall" whether he had prior cases dismissed as frivolous, malicious, for failing to state a claim, or prior to service. Doc. 18, p. 5. It is Plaintiff's obligation and responsibility to keep up with his litigation and Plaintiff must be aware of the number of cases (and which cases) were dismissed under § 1915(e). Because Plaintiff paid the fee and is not seeking *in forma pauperis* status, and because it appears that Plaintiff has only had two cases dismissed under § 1915(e)(2), this issue will not be addressed further in this case.

Nevertheless, Plaintiff is advised that in the future, he must honestly and fully disclose his prior cases. Failure to do so may result in the dismissal of his case for abuse of the judicial process.

Plaintiff's complaint alleges that he received several false disciplinary reports in early 2005. Doc. 18, p. 6. Plaintiff states at the beginning of his allegations that the reports were invalidated. *Id.* Despite that assertion, Plaintiff alleges that he was subjected to several months in confinement and lost gain time. *Id.*, at 7-8. Plaintiff does not, however, present any facts which show that any constitutional right was violated. Plaintiff states that he was placed in close management, and contends he has been in that confinement status since he received the disciplinary reports.

Plaintiff alleges the Defendant Secretary secured bonds and sold them "to investors for the purpose of profitting [sic] in commerce . . . where Plaintiff is held as collateral treated as chattel re: said bonds." Doc. 18, p. 6. Plaintiff's claim against the Secretary is frivolous and must be dismissed.

Plaintiff alleges that the disciplinary reports were not removed from Plaintiff's files by the classification officer, which subjected Plaintiff to placement on close management. *Id.*, at 7. Plaintiff contends Defendant Whitfield and the Defendant Warden failed to rectify issues that Plaintiff presented in a grievance. Plaintiff also contends that a classification officer convicted Plaintiff of an allegedly false disciplinary report "based on non-credible fraudulent statements of other inmates." *Id.*

These allegations are insufficient to state a claim. There is no constitutional right to have grievances answered in a particular way and Plaintiff does not allege that his rights were violated in the processing of his grievance. Plaintiff simply disputes his

placement in close management. A civil rights case is not the appropriate method to seek release from confinement. Such a claim must be brought through a habeas petition. Furthermore, this case cannot be used to challenge the sufficiency of a disciplinary hearing.

Furthermore, although Plaintiff contends that his placement in close management three or four years ago was due, at least in part, to his prison record reflecting he had been convicted of disciplinary reports that were vacated in violation of his due process rights, Plaintiff fails to show that the process provided by the Department of Corrections for seeking release from confinement would not correct any error in a file. In other words, Plaintiff has not shown that he was denied due process in his placement. Plaintiff fails to demonstrate that he could not present this information to the hearing team who determined that Plaintiff should be in confinement. Plaintiff has not shown that at any of the hearings which consider whether he should continue in close management violated his due process rights. Plaintiff has failed to show that he was prohibited from demonstrating his placement in confinement was not authorized. Thus, Plaintiff has not shown his due process rights were violated.

It is evident that Plaintiff is attempting to challenge his placement in close management. That is not an appropriate claim for a civil rights action.

Finally, although Plaintiff has alleged that disciplinary reports were vacated, his request for relief indicates that not all of the reports were vacated. Plaintiff also seeks the restoration of gain time as relief. That is not appropriate as Plaintiff was advised. Doc. 17. Plaintiff was told that if any of his claims relate to disciplinary reports in which he lost gaintime, and those reports have not yet been reversed, overturned on appeal,

or expunged, the claims could not proceed and should be deleted. Doc. 17. Under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372. To recover damages for an allegedly unconstitutional conviction or imprisonment, Plaintiff was told that he must prove that the conviction or sentence had been reversed on appeal or otherwise declared invalid. *See also* Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). Plaintiff is seeking the restoration of gain time which is barred in this § 1983 action.

      Plaintiff has had sufficient opportunity to submit a complaint that clearly shows a constitutional violation by a named Defendant, and that shows he is not seeking to undermine a valid prison disciplinary conviction. Plaintiff has failed to limit his allegations to one clear incident. Moreover, Plaintiff has not shown a constitutional violation and he is attempting to seek habeas relief from a civil rights action. This case should be dismissed.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 18, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adoptingthis report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 13, 2009.


  s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**